UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY A. BONDS,<br><br>  Plaintiff,<br><br>  v.<br><br>PAMELA BANE and A. BAUER,<br><br>  Defendants. | CAUSE NO. 3:23-CV-264-JD-JPK |

OPINION AND ORDER

Jerry A. Bonds, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bonds sues Unit Team Manager Pamela Bane and Sergeant A. Bauer, claiming due process violations stemming from an allegedly falsified conduct report from October 28, 2022, at Indiana State Prison. Because of that conduct report, he was moved to disciplinary segregation pending the disciplinary hearing and lost his prison job. At the December 1, 2022, disciplinary hearing, he was found not guilty of the conduct. Bonds alleges that despite being cleared of the conduct report, UTM Bane waited to

submit the classification hearing report, so he spent an extra five days in segregation. On December 8, 2022, he asked UTM Bane for his job back, but she refused.

These allegations do not constitute a due process violation. The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. But in order to state a claim for a denial of due process, Bonds must first establish that he was denied a protected liberty or property interest. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Neither of the consequences of the allegedly falsified conduct report—temporary placement in disciplinary segregation and a job loss—trigger due process concerns.

As to the placement in segregation pending the disciplinary hearing, inmates generally have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (no liberty interest for 60 days in segregation); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (no liberty interest for 90 days in segregation); *Smith v. Akpore*, 689 F. App'x 458, 459-60 (7th Cir. 2017) (no liberty interest in four months' combined investigative and disciplinary segregation). Although later cases have questioned the conclusion that placement in nonpunitive segregation can "*never* implicate a liberty interest," *see Williams v. Brown*, 849 F. App'x 154, 157, n.3 (7th Cir. 2021) (emphasis added), duration plays a part in the analysis, even when conditions are significantly harsher. *See, e.g., Marion v. Columbia Correction Inst.*, 559 F.3d 693, 697-98 & nn.2–3 (7th Cir. 2009) (collecting cases that held segregation of two to ninety days does not trigger

2

due process concerns and stating, "In a number of other cases, we have explained that a liberty interest may arise if the length of segregated confinement is substantial *and* the record reveals that the conditions of confinement are unusually harsh.") (emphasis added); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (finding that up to ninety days in segregation does not affect liberty); *see also Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (recognizing "duration" is a component that plays a part in determining whether a liberty interest exists). Here, Bonds was in segregation for at most 39 days, which is not long enough to implicate a liberty interest that would require due process protections.

Nor does his job loss implicate a liberty or property interest protected by the due process clause. Bonds alleges that after he was cleared of the conduct report, prison policy states that he should receive his job back or be assigned to an equivalent job. Prisoners have no liberty interest in a prison job. *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). So a job loss cannot form the basis of a due process claim. And a violation of prison policy, alone, cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations").

Finally, the allegedly falsified conduct report cannot support a due process claim. "Prisoners are entitled to be free from arbitrary actions of prison officials. [But t]he protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*[, 418 U.S. 539 (1974)]." *Henrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Here, Bonds received those protections and was

3

found not guilty at his disciplinary hearing. *See also McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process."). Because he was cleared of the charges without losing any liberty or property interest, he received the process he was due.

Finally, Bonds asserts a state-law claim of intentional infliction of emotional distress against UTM Bane and Sergeant Bauer. ECF 1 at 8. However, as state employees, UTM Bane and Sergeant Bauer are personally immune from liability for any acts taken in the scope of their employment. "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b); *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). Bonds specifically alleges that these defendants acted in the scope of their employment. Therefore, he does not state a claim against these defendants.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Bonds may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

4

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jerry A. Bonds until **October 27, 2023**, to file an amended complaint; and

(2) CAUTIONS Jerry A. Bonds if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 22, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5